A. W. De Bell, *Secretary, Etc.* v. Elizabeth J. Goodall, *County Superintendent, Etc.*

(No. 7210)

Submitted December 7, 1931.     Decided December 12, 1931.

*Campbell & McClintic* and *Ernest K. James,* for relator.
*Thomas Coleman,* for respondent.

Maxwell, Judge:

The Board of Education of Malden District, Kanawha County, appointed relator custodian of the school property

of said district at a salary of $65,00 per month. Respondent, Superintendent of public schools for Kanawha County, has declined to countersign orders issued by said board for relator's salary, and he is consequently unable to obtain payment of his salary by the sheriff, ex officio treasurer of the county. Relator seeks by mandamus to compel respondent to countersign his salary orders.

Resondent has rightly declined to approve these orders. There is no authority in the statute for the appointment by a district board of education of a custodian of property on fixed salary. The nearest approach to such authorization is in Code 1931, 18-5-31, wherein a board of education is authorized, in its discretion, to

> "appoint one school trustee for each subdistrict in its district or for any one or more of such subdistricts, to be custodian of the school properties therein. * * *
> A school trustee shall be under the immediate direction of the board of education of his district, or of its authorized executive officer. He shall receive no salary or other emolument in recognition of his services as school trustee, but if, while performing any duty imposed upon him by an order of the board of education of his district, he incurs any expense, he shall be reimbursed therefor out of the building fund of the district, and if he is required to perform any labor by an order of the board, he shall be allowed a reasonable compensation for the time actually and necessarily spent at such labor."

The wording of the statute is plain. The authorization which it carries and the limitations which it imposes are entirely clear. It does not, either directly or by implication, authorize the employment of a trustee or other person as custodian on fixed stipend.

The record discloses that the services supposed to be discharged by relator can readily be discharged by other salaried employees of the board, and, in fact, were so discharged prior to relator's appointment. The taxpayers should not

be called upon to carry the burden of duplication of service in the public school system.

Relator not having shown a clear legal right to the relief he seeks, we deny the writ.

*Writi denied.*